**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **LEROY POPE,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 14-5775 (JMV)** |
| | : | |
| **v.** | : | **OPINION** |
| | : | |
| **MERRIL MAIN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
|  | : | |

**VAZQUEZ, DISTRICT JUDGE**

Plaintiff Leroy Pope ("Plaintiff"), civilly committed Sexually Violent Predator ("SVP") at the Special Treatment Unit ("STU") in Avenel, New Jersey, seeks to bring this civil rights action *in forma pauperis*. Based on his affidavit of indigence, the Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint. (ECF No. 3).

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be DISMISSED without prejudice.

## I. BACKGROUND

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against Defendants Merrill Main; Mrs. S. Davis; Shantay Adams; S.C.O. Drange[1]; and Mrs. S. Kaminski.   The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only.   The Court makes no findings as to the veracity of Plaintiff's allegations.

On an unspecified date, South Unit Correctional Officers witnessed resident Curtis Austin, who is on psychotropic medication, throw a scalding hot liquid on Plaintiff while he was doing push-ups in the third floor lock-up area.  (Compl. 9, ECF No. 1).   Plaintiff alleges that Resident Austin has a "serious issue towards trying to stab other residents, hit others with his radio, t.v., etc. And was placed in lock up, due to his uncontrollable assaultive ways."   (Missing Pages 2, ECF No. 1-2).   Plaintiff further alleges that "the administration" was aware of Resident Austin's history of assault against other residents, but failed to take any precautions.   (*Id.*); (Compl. at 9-10).

While reporting this incident to Internal Affairs Investigator Harrison, Mr. Harrison informed Plaintiff that Internal Affairs had received "many complaints" about Resident Austin and his assaults.  (Compl. at 2).   Plaintiff states that Correctional Officer Drange "knew of [Resident Austin's] threatening to stab others with a pen or trying to throw hot liquid on people."   (*Id.* at 11).   Plaintiff claims that Officer Drange witnessed these events and did not inform his supervisors.  (*Id.*).

---

[1] It is unclear from Plaintiff's handwritten Complaint whether this defendant is S.C.O. "Drange" or "Orange."   For purposes of this Opinion, the Court will refer to this defendant as S.C.O. Drange and the Court notes that the correct spelling has no impact on the Court's analysis.

Plaintiff has filed a "Letter/Addendum" to his Complaint.   (ECF No. 2).   In it, he again does not specify the date on which the incident occurred, but he clarifies that it occurred between approximately 1:15 pm and 1:25 pm and that the hot liquid that was poured on him was coffee. (*Id.* at 1).   Plaintiff explains that the microwaves have been removed from the third floor, he complains that the food that comes to the third floor is cold and "not done all the way," and he states that he has been getting "sick from eating cold foods."   (*Id.* at 2).   Plaintiff also attaches copies of his medical records to this submission.   (ECF No. 2-1).

## II.   DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment.   *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in *Thomaston v. Meyer*, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 453 (3d Cir. 1996).

### 2.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.   Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . .

---

[2]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.   *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. Defendants Main, Davis, Kaminski and Adams**

It is well settled that in a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 675-76.   "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."   *Id.* at 676.   Here, Plaintiff alleges only that Defendant Main "fail[ed] to investigate the numerous complaints of this resident's assaultive ways" and authorized the Department of Corrections to permit a "known threat" to remain in the general population.   (Compl. at 3).   However, he provides no facts to indicate that Defendant Main was even aware of Resident Austin's alleged history of assaults.   Similarly, Plaintiff alleges that Defendants Davis and Kaminski improperly allowed untrained Department of Corrections employees to make professional psychiatric decisions, but he alleges no facts to show their personal involvement in staff training or assignments; nor has he provided any facts to show that these "untrained" Department of Corrections employees were making psychiatric decisions.

Finally, Plaintiff also alleges that Defendant Adams authorized the Department of Corrections to "put a known risk amongst other residents" (Compl. at 4), but again he provides no facts to show her involvement in the placement of Resident Austin or that she was aware of his history of assaults.   Because Plaintiff has failed to sufficiently allege that Defendants Main, Davis, Kaminski and Adams had personal involvement in the violation of Plaintiff's rights, they will be dismissed without prejudice.[3]   *See Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987); *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012).

### 2.  Defendant Drange

Plaintiff appears to raise a claim for failure to protect against Defendant Drange, a Department of Corrections officer.   *See* (Compl. at 12).

Under the Constitution, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.   *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).[4]   The Supreme Court has observed that "[i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.   To establish § 1983 claim based on the alleged failure of Defendant Drange to protect him from violence inflicted by Resident Austin, Plaintiff must show the following: (1)

---

[3] Plaintiff makes vague allegations that the "Administration" was aware of Resident Austin's previous assaults, however he does not state who the "Administration" consists of, nor does he state how he knows that the Administration was aware.

[4] For imprisoned convicts, this protection is guaranteed by the Eighth Amendment; for individuals not detained upon a criminal conviction, such as Plaintiff, the right is secured by the due process clause of the Fourteenth Amendment.   *Bistrian*, 696 F.3d at 367; *Graham v. Ottino*, No. 11-7125, 2015 WL 1632706, at *7, n.1 (D.N.J. Apr. 13, 2015).

6

that he was in detention "under conditions posing a substantial risk of serious harm"; (2) that Defendant Drange was "deliberately indifferent to that substantial risk to his health and safety"; and (3) that this deliberate indifference caused the harm.   *Bistrian*, 696 F.3d at 367.

Here, Plaintiff has failed to allege facts to show that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm and that Defendant Drange was deliberately indifferent to said risk.   As an initial matter, the Complaint does not allege facts that would indicate "a sufficiently substantial danger" to Plaintiff existed prior to the incident.   *Id.*   Rather, the complaint suggests that this was a random incident, and not the product of "longstanding, pervasive, well-documented, or previously noted tensions between" Plaintiff and Resident Austin. *Blackstone v. Thompson*, 568 F. App'x 82, 84 (3d Cir. 2014); *see also Farmer*, 511 U.S. at 842. Although Plaintiff states that Defendant Drange previously witnessed Resident Austin threatening to stab others with a pen and trying to throw liquid on other residents, Plaintiff does not allege any particular reason why Resident Austin targeted Plaintiff for an attack.   (Compl. at 11).   The Third Circuit has held that "[t]he risk that an inmate with some history of violence might attack another inmate for an unknown reason . . . is too speculative to give rise to an Eighth Amendment claim." *Blackstone*, 568 F. App'x at 84 (citing *Bistrian*, 696 F.3d at 371).   Here, Plaintiff has failed to plead any facts of which Defendant Drang was aware "from which a greater inference of risk could be drawn."   *Id.*

Moreover, even assuming a substantial risk of serious harm in this case, Plaintiff failed to allege facts to show that Defendant Drange was deliberately indifferent to that risk.   In his Complaint, Plaintiff states that Defendant Drange failed to report the incidents he allegedly witnessed to his superiors, and instead spoke to Resident Austin in an attempt to address the situation and prevent further problems.   (Compl. at 11).   While this method of dealing with

Resident Austin ultimately turned out to be unsuccessful, lack of success does not make Defendant Drange deliberately indifferent.   At best, Plaintiff has alleged facts to suggest negligence for failing to properly report the incidents to his supervisors, which does not state a constitutional violation.   *See Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights); *see also Schwartz v. County of Montgomery*, 843 F.Supp. 962 (E.D. Pa. 1994), *aff'd*, 37 F.3d 1488 (3d Cir. 1994) (stating that corrections officers' failure to observe institutional policies regarding the supervision of dangerous inmates constitutes negligence, which cannot support a § 1983 action for violation of the Eighth or Fourteenth Amendments); *Freeman v. Miller*, 615 F. App'x 72, 76 (3d Cir. 2015) (per curiam) ("The correctional officers were, at most, negligent in failing to take more forceful anticipatory action such as rehousing the inmates based on an unlikely threat.").

In light of the foregoing, Plaintiff's failure to protect claim against Defendant Drange will be dismissed without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Complaint will be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant

Plaintiff leave to file an application to re-open this case accompanied by a proposed amended complaint.[5]   *See Denton*, 504 U.S. at 34; *Grayson*, 293 F.3d at 108.

An appropriate Order accompanies this Opinion.


s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

Dated: 3/24/16

---

[5] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases); *see also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).   To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  *Id.*